# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

|  |  |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a, BRAZOS LICENSING AND DEVELOPMENT<br><br>*Plaintiff*,<br>v.<br><br>GOOGLE LLC,<br><br>*Defendant*. | CIVIL ACTION 6:20-CV-00571-ADA<br>CIVIL ACTION 6:20-CV-00572-ADA<br>CIVIL ACTION 6:20-CV-00573-ADA<br>CIVIL ACTION 6:20-CV-00575-ADA<br>CIVIL ACTION 6:20-CV-00576-ADA<br>CIVIL ACTION 6:20-CV-00579-ADA<br>CIVIL ACTION 6:20-CV-00580-ADA<br>CIVIL ACTION 6:20-CV-00583-ADA<br>CIVIL ACTION 6:20-CV-00584-ADA<br>CIVIL ACTION 6:20-CV-00585-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT GOOGLE'S RESPONSE TO PLAINTIFF WSOU'S OPPOSED MOTION TO MODIFY THE PROTECTIVE ORDER**

WSOU Investments, LLC d/b/a Brazos License and Development's ("WSOU") Opposed Motion to Modify the Protective Order should be summarily denied. Every point WSOU raises in its motion was examined and decided by this Court when it entered the protective order just last week. WSOU carefully does not call this motion one for reconsideration, because it cannot meet the high standard. And WSOU utterly failed to meet and confer with Google LLC's ("Google") counsel before filing the motion as required under Local Rule CV-7(g); in fact, Google first learned of WSOU's motion via CM/ECF when WSOU filed it, and WSOU's certificate of conference is at best outright misleading. Google requests that the Court deny WSOU's motion.

***First***, WSOU's motion should be denied under Local Rule CV-7(g), which provides that a court "may refuse to hear or may deny a nondispositive motion unless the movant advises the court . . . that counsel for the parties have first conferred in a good-faith attempt to resolve the matter by agreement and, further, certifies the specific reason that no agreement could be made." "The 'good faith' requirement 'mandates a genuine attempt to resolve the dispute through non-judicial means' and the 'conferment' requirement requires two-way communication which is necessary to genuinely discuss any issues and to avoid judicial recourse." *Diaz v. Cuatro T Constr., Inc.*, No. SA-20-CV-00231-OLG, 2021 WL 2709681, at *1 n.1 (W.D. Tex. Mar. 19, 2021) (Garcia, C.J.).

WSOU contends that it conferred with Google *on this motion* "by email on September 2, 2021" and that Google "is opposed to the relief sought in *this motion*." (Dkt. 53 at 9 (emphasis added).)[1] But that was the day the parties filed their Joint Motion for Entry of Disputed Protective Order (Dkt. 49); the Protective Order that WSOU's current motion seeks to modify was entered on September 17 (Dkt. 53). WSOU's assertion that it conferred with Google about *this* motion

---

[1] For ease of reference, Google cites to the docket entries in Civil Action 6:20-CV-00571 and the pagination generated by CM/ECF.

*before entry of the protective order which WSOU seeks to modify* is, to put it mildly, untrue and flouts the Local Rule CV-7(g) and the authority of this Court. The Court should summarily deny WSOU's motion on that basis alone.

**Second**, WSOU improperly attempts to move for reconsideration of the protective order without meeting the legal standard for such a motion. "To prevail on a motion for reconsideration, a party must 'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Bluebonnet Telecommunications, LLC v. Sony Ericsson Mobile Commc'ns (USA) Inc.*, No. 2:13-CV-00505-JRG, 2014 WL 12616685, at *1 (E.D. Tex. Apr. 8, 2014) (Gilstrap, J.) (quoting *Ross v. Marshall*, 426 F.3d 745 (5th Cir. 2005)). Motions for reconsideration "cannot be used to raise arguments which could, and should, have been made before the judgment issues." *Id.* That is exactly what WSOU has done in this motion. In fact, the parties met and conferred extensively on the Protective Order before jointly submitting their disputes to the Court. ***Every single argument raised in WSOU's motion either was raised or could and should have been raised in the Joint Motion for Entry of Disputed Protective Order.***

As to Section 13 of the Protective Order, WSOU complains about the restriction not to take protective material outside of the United States because one of their experts resides in Canada. But WSOU does not explain why it makes that claim for the first time now, after the parties submitted their disputes to the Court, nor does it explain why the specific location of ex-US reviewers matters; what matters is that they are not in the US, because the restriction imposed by the protective order is based on jurisdiction over the protected materials and individuals who have access over that materials since this Court cannot enforce the protective order outside its

2

jurisdictional reach. As to Sections 10(a)[2] and 10(o), WSOU merely rehashes the same arguments considered, and correctly rejected, by this Court in ruling on the Joint Motion for Entry of Disputed Protective Order.

There are no new changes in circumstances, or good cause to request reconsideration based on the same arguments that this Court has already examined. WSOU's motion should be rejected. WSOU is simply displeased with this Court's decision as to the Protective Order and wants a mulligan. But that is not a proper basis for reconsideration, nor to burden this Court's busy docket with unnecessarily adjudicating issues for a second time.

***Third***, WSOU's improper motion for reconsideration is an attempt to prolong fact discovery. Despite the fact that source code has been available for months for inspection in Dallas, WSOU has not bothered to do any review. With only four weeks left in fact discovery, WSOU is now woefully behind schedule. WSOU's objective in this motion is transparent: Contrive delay to overcome its failings in diligence.

WSOU and Google submitted their disputes on the Protective Order to the Court exactly as requested by the Court. The Court decided all of the issues before it, and just last week entered a Protective Order reflecting its rulings. WSOU seems to suggest that the Court should have heard argument. Yet, at the discovery conference held just last week, the Court expressly invited the parties to let it know if there were other issues that should be addressed. Google raised the pending Protective Order, and WSOU agreed it should be decided, not asking to be heard beyond the parties' joint submission.

---

[2] WSOU, for the first time, makes an alternative request to review highly confidential source code by remote means in Austin. This request not only could have been made at the time of the joint filing for entry of the disputed protective order, but obviously eviscerates all of the protections put in place with respect to a secure location with stand-alone computers for source code review.

The Court correctly decided the three issues in WSOU's motion. WSOU does not seek to "modify" those portions of the entered Protective Order, it seeks reversal of the Court's previous ruling. The Protective Order entered by the Court should be enforced. Google respectfully requests that the Court deny WSOU's improper and misleading motion for reconsideration of the Protective Order.

Date: September 24, 2021

Respectfully submitted,

*/s/ Tharan Gregory Lanier with permission by Michael E. Jones*

Tharan Gregory Lanier (*pro hac vice*)
**Jones Day**
1755 Embarcadero Road
Palo Alto, California, 94303
+1 (650) 739-3939
+1 (650) 739-3900 facsimile
tglanier@jonesday.com

Michael E. Jones (Texas Bar No. 10929400)
Patrick C. Clutter (Texas Bar No. 24036374)
**Potter Minton, P.C.**
110 North College, Suite 500
Tyler, Texas, 75702
+1 (903) 597-8311
+1 (903) 593-0846 facsimile
mikejones@potterminton.com
patrickclutter@potterminton.com

Matthew S. Warren (California Bar No. 230565)
Jennifer A. Kash (California Bar No. 203679)
*(pro hac vice)*
Erika Warren (California Bar No. 295570)
**Warren Lex LLP**
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
20-580@cases.warrenlex.com

Sasha Mayergoyz
**Jones Day**
77 W. Wacker Drive
Chicago, IL 60601
+1 (312) 782-3939
smayergoyz@jonesday.com

Tracy A. Stitt
Edwin O. Garcia
**Jones Day**
51 Louisiana Avenue NW
Washington, DC 20001
+1 (202) 879-3641

5

tastitt@jonesday.com
edwingarcia@jonesday.com

Michael A. Lavine
**Jones Day**
555 California Street
26th Floor
San Francisco, California 94104
+1 (415) 626-3939
mlavine@jonesday.com

*Attorneys for Defendant Google LLC*